IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Hassan Abu-Shawareb, | ) | Civil Action No.: 5:04-833-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Allstate Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the plaintiff's motion to compel certain claims file documents which was filed on March 18, 2005, pursuant to Rule 37(a)(2)(B) & (3). The defendant has objected to producing the documents because it alleges they are either protected by the work product doctrine and/or the attorney-client privilege. The defendant submitted a privilege log to the plaintiff and the Court. The Court heard oral arguments on this motion on April 13, 2005. At the hearing, the Court ordered Defendant to deliver a copy of the documents identified in the present motion for an *in camera* examination in conjunction with the Court's consideration of the motion and the defendant has done so. Additionally, a motion to compel the testimony and file of the defendant's defense counsel was filed subsequent to the above mentioned motion and will be addressed at the end of this Order.

**Background Facts**

This suit arises from the defendant's denial of two claims against the plaintiff's Allstate Homeowners's Insurance policy. The plaintiff's claims against the policy were made in connection with two alleged break-ins occurring in late February/ early March 2001 and in late May 2001. Plaintiff's claims alleged that many items were stolen from his home, including but not limited to men's suits, two videocassette recorders, dresses, two Rolex watches, etc. The defendant denied the plaintiff's claims.

Upon denial of the claims, the plaintiff filed this suit in the Orangeburg County Court of Common Pleas alleging causes of action for breach of contract and bad faith. The defendant then removed the case to this Court on the basis of diversity of citizenship.

## Discussion

In the present motion, the plaintiff is seeking the production of Allstate's Diary entries from July 9, 2001, through March 25, 2005, as well as attorneys Cox's and Lay's notes. The defendant has declined to produce these items because it alleges they were generated in anticipation of litigation and, therefore, are subject to work product protection. Defendant also alleges that the documents are protected by the attorney-client privilege.

**I.     Work Product Doctrine**

Federal case law applying Rule 26(b)(3) of the Federal Rules of Civil Procedure defines the scope of the work product doctrine in this diversity case.

The work product doctrine, as set forth in Rule 26(b)(3) of the Federal Rules of Civil Procedure, provides:

> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in **anticipation of litigation** or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3) (emphasis added).

With regard to the Diary entries, Allstate has produced all entries prior to July 9, 2001. However, Allstate has objected to producing entries occurring on or after July 9, 2001, because that is the date that Allstate hired counsel and allegedly fairly anticipated litigation in this matter. The defendant argues that only a few days prior to July 9, the plaintiff had obtained counsel, and Plaintiff's counsel contacted Allstate, and the plaintiff cut off all communication between himself and Allstate, choosing to direct communication through his attorneys. Thus, the defendant argues that it can fairly be said to have anticipated litigation from July 9, 2001, onward.[1]

"However, when the claim is made by its insured, an insurance company cannot in good faith contend that there is a reasonable possibility of litigation with respect to every claim submitted to it. In order to sell its products, insurance companies usually emphasize the fact that their policies will provide protection to their clients. It cannot be fairly argued that insurance companies provide security and protection by regarding every claim submitted to them as a likely prospect for litigation with the insured." Pete Rinaldi's Fast Foods, Inc. v. Great American Insurance Co., 123 F.R.D. 198, 202 (M.D.N.C. 1988). The general rule is that reasonable possibility of litigation and protection of work-product doctrine only arises in first-party insurance cases *after* the insurer has made a decision with respect to the claim of the insured; therefore in general, only documents accumulated *after* claim denial will be done in anticipation of litigation. Ring, 159 F.R.D. at 656. If an insurance company seeks to argue that the threat of litigation appeared prior to it's decision with respect to the insured's claim, the

---

[1] While the defendant hired it's attorneys on July 9, 2001, it did not actually deny the claim until July 9, 2002. Notably, this was an entire year after the time Allstate alleges that it could reasonably anticipate litigation. An extended period of time before the insurer denies the plaintiff's claim can be fatal to a defendant's claim of anticipation of litigation. See Ring v. Commercial Union Ins. Co., 159 F.R.D. 653, 656-57. (M.D.N.C. 1995).

3

insurance company must bear the burden of persuasion on the claim of work-product protection by presenting specific proof demonstrating a resolve to litigate.  Id.

In this case, the defendant argues that by virtue of the plaintiff hiring counsel, it could reasonably anticipate litigation and, therefore, it hired counsel and any documents generated thereafter were done in anticipation of litigation.  "Involvement of an attorney is a highly relevant but not necessarily controlling factor."  Ring, 159 F.R.D. at 656 (*quoting* Pete Rinaldi's Fast Foods, 123 F.R.D. at 202).  Likewise, "[l]itigation cannot be said to be reasonably anticipated by the insurer merely because the insured is represented by an attorney."  Pete Rinaldi's Fast Foods, 123 F.R.D. at 203.  Furthermore, materials prepared in the ordinary course of business are not documents prepared in anticipation of litigation within the meaning of Rule 26(b)(3).  See National Union Fire Ins. Co. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984, (4th Cir. 1992).

Upon an *in camera* examination of all of the documents in issue, the Court finds that the defendants have not presented adequate proof that the Diary entries from July 9, 2001 to July 9, 2002 were prepared in anticipation of litigation.  Indeed, a decision to deny the claim was not even made until July of 2002.  Most of the information in the Diary entries for this time period appears to be information or materials kept in the ordinary course of business and are not afforded work product protection.  On July 9, 2002, the defendant denied the plaintiff's claim and, therefore, the Court finds that the defendant could reasonably expect litigation after this date.  Therefore, this Court finds that the Diary entries from July 9, 2001 to July 9, 2002 are not protected by the work product doctrine and should be produced, but only to the extent not further limited by this ruling.

**II.     Attorney-Client Privilege**

South Carolina law determines the scope of the attorney-client privilege in this case.  According

4

to South Carolina law, the attorney-client privilege protects against disclosure of confidential communications by a client to his or her attorney. See State v. Owens, 424 S.E.2d 473, 476 (S.C. 1992). In order to establish the privilege, it must be shown that the relationship between the parties was that of attorney and client and that the communications were of a confidential nature. State v. Love, 271 S.E.2d 110, 112 (S.C. 1980). In order to obtain the status of a client, the person must communicate in confidence with an attorney for the purposes of obtaining legal advice. See Marshall v. Marshall, 320 S.E.2d 44, 47 (Ct. App. 1984).

In this case, Allstate employed attorneys after the plaintiff obtained counsel. Defendant argues that it's attorney's were hired for the purpose of rendering legal advice to it and regards all communications between itself and it's attorney's to be confidential in nature.

With regards to the above mentioned Diary entries from July 9, 2001 to July 9, 2002, the Court finds that the portions which reference communications, discussions, or conferences **with defense counsel**, are protected by the attorney-client privilege. The defendant shall be allowed to redact those portions of the Diary entries before producing them to the plaintiff. After reviewing, *in camera*, the remaining documents listed on the privilege log, the Court finds that they are protected by the attorney-client privilege and/or the work product doctrine.

Accordingly, it is hereby **ORDERED** that the plaintiff's motion to compel (Doc. # 30) is **GRANTED** in part and **DENIED** in part. The same reasoning applied above in this Order should also apply to the plaintiff's subsequent motion to compel the testimony and file of attorney Cox regarding his advice and counsel to the defendant (Doc. # 37). Therefore, the plaintiff's motion to compel (Doc. # 37) is hereby **DENIED**.

**AND IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
May 11, 2005