UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Hassan Abu-Shawareb, | ) | Civil Action No.: 5:04-833-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| Allstate Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on yet another motion to compel by the plaintiff against defendant, Allstate. Also, filed with the Court is Plaintiff's counsel's letter of February 14, 2006, indicating which issues need resolution. This case is quickly approaching trial and it is the Court's instruction that compliance is required expeditiously and without delay. The case will not be continued and failure to comply will result in appropriate sanctions including, but not limited to, possible instructions to the jury with regard to a party's failure to comply and negative inferences which can be drawn therefrom.

Plaintiff's Second Interrogatories

Plaintiff's Interrogatories #1-5: Allstate advised in its Response to the motion on April 29, 2005 that it would supplement its response. Yet apparently according to the February 14, 2006 letter of Plaintiff's counsel, this has not occurred. Defendants are ordered to provide the information within five (5) days of the date of this Order.

Plaintiff's Interrogatory Number 7 and Request for Production #1 and #3: Based on the affidavit of Ms. Mahne, this Court has given consideration to the defendant's argument that the information sought is unduly burdensome and could only be located at considerable expense.

1

Nevertheless, and notwithstanding the defendant's argument that a herculean effort would be necessary to locate relevant files, a defendant may not excuse itself from compliance with discovery rules by utilizing a system of record-keeping which conceals rather than discloses relevant records or makes it unduly difficult to identify or locate them, thus rendering the production of the documents an excessively burdensome and costly expedition. Kozlowski v. Sears, et al, 73 F.R.D. 73 (D.Md. 1976). The Court does not intend to require the defendant to go to great expense or endure an excessive burden. To the contrary, the defendant is a large national insurance company which obviously handles massive numbers of files both in South Carolina and nationally. Surely, the company maintains some indexing ability regarding claims files, either manually or more likely through computer systems. While the Court does not believe that Allstate tracks or maintains records regarding race or national origin, it would believe that some type of indexing, word-searching capability, or other method is available in order to identify similar claims, at least to some extent.

Therefore, the Court will allow the plaintiff to take the deposition of a Rule 30(b)(6) witness of the defendant with regard to any indexing, coding, designation on computer records, or other indexing procedure or "word-searching" procedure capabilities that the defendant has with regard to the information sought.

In lieu of a Rule 30(b)(6) deposition, the plaintiff may be given an affidavit providing the information explaining the indexing and searching capability of the defendant relevant to claims file information. In the event the affidavit is insufficient, the plaintiff shall apply to this Court within three (3) days from receipt of the affidavit. This affidavit shall be provided within seven (7) days.

The plaintiff may submit revised interrogatories and requests to produce immediately after the deposition or submission of the affidavit, which shall be responded to within fifteen (15) days.

Plaintiff's Interrogatory #8: The Court orders the defendant to respond to this interrogatory within five

(5) days and give the word "routinely" its normal and ordinary meaning (i.e., Webster's dictionary defines routine as "a regular course of procedure").

This additional discovery should not delay the trial of this case.

**AND IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Court Judge

Florence, South Carolina
February 17, 2006