UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Hassan Abu-Shawareb, | ) | Civil Action No.: 5:04-833-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER DENYING** |
| Allstate Insurance Company, | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This is an action for breach of contract and bad faith refusal to pay insurance benefits. Plaintiff originally filed this case in the Orangeburg County Court of Common Pleas. The defendant removed the case based on diversity of citizenship.

    Defendant moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the basis that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

    Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

    When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the

1

mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, the defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Commrs*, 845 F.2d 716, 718 (4th Cir. 1991) (*citing Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id*. at 718-19 (*citing Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *Id*. and *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Baber*, 977 F.2d 872, *citing Celotex Corp.*, *supra*.

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Maryland Community College*, 995 F.2d 92 (4th Cir. 1991). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

Generally, the issue whether a contract has been breached is a question of fact. See 23 Williston on Contracts, §63:15; King v. North River Ins. Co., 278 S.C. 411, 297 S.E.2d 637 (1982); Watson v. American Colony Insurance Co. of New York, 179 S.C. 149, 183 S.E. 692 (1936). Issues of bad faith normally present jury issues. Smith v. Maryland Casualty Ins. Co., 742 F.2d 167, 168 (4th Cir. 1984), citing Tyger River Pine Co. v. Maryland Casualty Co., 170 S.C. 286, 293, 170 S.E. 346 348 (1933).

Based on the briefs and information submitted, I find as a matter of law that there are genuine issues of material fact. At this stage, it is not the Court's function to weigh the evidence, but rather to determine whether there is a genuine issue of fact which justifies a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

For the foregoing reasons, the undersigned **DENIES** the defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Court Judge

Florence, South Carolina
February 17, 2006