UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Hassan Abu-Shawareb, ) | Civil Action No.: 5:04-833-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| Allstate Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    The Court has reviewed the defendant's motion in limine along with responses and attachments of the plaintiff. Based on the information submitted, the Court finds the plaintiff's expert Finkel to be qualified in the area proferred by the plaintiff. Furthermore, the Court believes his testimony would assist the trier of fact and further that the standards of Rule 702 and <u>Daubert</u> are satisfied. He will be allowed to testify regarding the reasonable standard in handling insurance claims. However, as noted and objected to by the defendant, he will not be allowed to state opinions in a fashion that allows for a legal conclusion. In that regard, counsel for plaintiff is cautioned to prepare and phrase his questions in a manner that does not elicit a legal conclusion. See <u>U.S. v. Barile</u>, 286 F.3d 749 (4th Cir. 2002). Failure to do so could result in sanctions.

    Therefore, on defendant's motion in limine, the expert Finkel is not wholly excluded from testifying. However, with regard to the remaining concerns of the defendant, the Court rules as follows on the below-listed parts of the motion in limine, but will give counsel an opportunity to reargue if requested at trial:

Part 4(a)- Denied insofar as the testimony relates to the standard in the industry;

4(b)-Denied insofar as the testimony relates to the standard in the industry;

1

4(c)-Granted on the basis of relevance and pursuant to Rule 403;

4(d)-Granted as the testimony would be speculative and the witness lacks personal knowledge of Mr. Nelson;

4(e)-Denied if the defendant has had the opportunity through discovery to explore this issue with Mr. Finkel;

4(f)-Granted on grounds of relevance and pursuant to Rule 403.

    The Court will revisit these issues with counsel if requested at trial.

    **AND IT IS SO ORDERED.**

                                             s/ R. Bryan Harwell
                                             R. Bryan Harwell
                                             United States District Court Judge

Florence, South Carolina
February 17, 2006